UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| KRISTOPHER WIGGINS and BILLY PAUL COBB, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>  Defendants. | Case No.<br><br>[On Removal from the Court of Common Pleas of the Tenth Judicial Circuit in and for Oconee County, Case No. 2021-CP-3700701] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Casualty") (collectively, "State Farm") remove this case, captioned *Kristopher Wiggins, et.al. v. State Farm Mutual Automobile Insurance Company, et. al.*, Case No. 2021-CP-3700701 from the Court of Common Pleas of the Tenth Judicial Circuit in and for Oconee County, to this Court. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. In support of removal, State Farm states as follows:

### BACKGROUND

1. On October 15, 2021, Plaintiffs Kristopher Wiggins and Billy Paul Cobb ("Plaintiffs") filed their Class Action Complaint in the Court of Common Pleas of the Tenth Judicial Circuit in and for Oconee County.

2. In their Complaint, Plaintiff Wiggins and Plaintiff Cobb allege that they insured their automobiles with State Farm Mutual Automobile Insurance Company and State Farm Fire

1

and Casualty Company, respectively. Compl. ¶¶ 9-10. Plaintiffs further claim that following automobile accidents, they filed claims for property damage, and that their vehicles were declared total losses by State Farm. Compl. ¶¶ 14-18.

3.  State Farm estimated the market value of Plaintiffs' vehicles using a valuation tool prepared by Audatex North America, Inc. ("Audatex"). State Farm Mutual valued Plaintiff Wiggins's vehicle at $12,524.00 and State Farm Fire valued Plaintiff Cobb's vehicle at $12,194.00. Compl. ¶¶ 23, 26.

4.  Plaintiffs allege that Audatex's valuation reports are not an appropriate valuation tool because they apply a Typical Negotiation Adjustment ("Negotiation Adjustment") of approximately 6% to internet listing prices of comparable vehicles. Compl. ¶ 24. Plaintiff further alleges that through the use of Negotiation Adjustments in Audatex valuation reports, State Farm paid claims for "less than the actual cash value required by State Farm Mutual's [and State Farm Fire's] insurance contracts" (Compl. ¶¶ 45, 50). According to Plaintiffs, State Farm "improperly deviate[s] from [the process of valuing loss vehicles] by thumbing the scales against their insureds" (*id*. at ¶ 30) and employs a methodology "contrary to proper appraisal methodologies for determining actual cash value" and different from its competitor, CCC Intelligent, which "uses list prices." *Id*. at ¶¶ 30-31. Plaintiffs thus allege that State Farm's application of the Negotiation Adjustment is not the "proper methodolog[y] and appraisal standard[] consistent with [its] contractual obligations and representations." *Id*. at ¶ 33.

5.  Plaintiff Wiggins and Plaintiff Cobb further allege that State Farm owes them $848 and $749 respectively for the "Typical Negotiation Adjustments applied to each of the [] comparable vehicles in" their valuation reports (Compl. ¶¶ 34-35), as well as an unspecified

amount in taxes and fees owed on those amounts, plus pre-judgment and post-judgment interest, and attorneys' fees.  Compl. ¶¶ 47, 52, 64 at WHEREFORE clause.

6.     The Complaint purports to bring claims on behalf of the following two classes of individuals against State Farm Mutual and State Farm Fire, respectively:

> **State Farm Mutual Class:** All persons insured by a contract of automobile insurance issued by State Farm Mutual Automobile Insurance Company to a South Carolina resident, and who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment that included a downward adjustment premised on a "Typical Negotiation Adjustment" or similar adjustment.
>
> **State Farm Fire Class:** All persons insured by a contract of automobile insurance issued by State Farm Mutual Fire and Casualty Company to a South Carolina resident, and who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment that included a downward adjustment premised on a "Typical Negotiation Adjustment" or similar adjustment.

Compl. ¶ 36.

7.     The Complaint asserts four causes of action: (1) breach of contract on behalf of Plaintiff Wiggins and the State Farm Mutual Class; (2) breach of contract on behalf of Plaintiff Cobb and the State Farm Fire Class; (3) declaratory judgment on behalf of Plaintiff Wiggins and the State Farm Mutual Class; and (4) declaratory judgment on behalf of Plaintiff Cobb and the State Farm Fire Class.  Plaintiffs seek: (a) a declaration that it is a breach of the Policies for State Farm to make Negotiation Adjustments which result in valuations of less than the actual cash value; (b) an order enjoining State Farm from basing the valuation and payment of claims on values that have been reduced by Negotiation Adjustments; (c) compensatory damages in the amount of Negotiation Adjustments and related underpayment of taxes; (d) pre and post-judgment interest; and (e) attorneys' fees.  Compl. ¶ 64, WHEREFORE clause.

**TIMELINESS OF REMOVAL**

8. Plaintiffs served the Complaint on the Director of the South Carolina Department of Insurance on October 20, 2021. The Complaint was forwarded by electronic delivery to State Farm's designated agent on October 22, 2021. Ex. A.

9. This removal is effected and has been timely filed within thirty days of service on State Farm's designated agent, within the period allowed for removal under 28 U.S.C. §§ 1446(b) and 1453(b).

**VENUE**

10. This action was originally filed in the Court of Common Pleas of the Tenth Circuit in and for Oconee County. As such, venue lies in the United States District Court for South Carolina, Anderson Division pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

**JURISDICTION UNDER CAFA**

11. This Court has jurisdiction over this matter, and it is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

12. The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2 Stat. 4 (codified in part at 28 U.S.C. § 1332(d)), vests federal courts with diversity jurisdiction over any (1) purported class action in which (2) "any member of a class of plaintiffs is a citizen of a state different from any defendant[,]" (3) the proposed class contains at least 100 members, and (4) the amount in controversy is at least $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2), (d)(5).

13. Each of these four requirements is satisfied as: (1) this is a purported class action; (2) Plaintiffs are citizens of a state different from State Farm Mutual and State Farm Fire; (3) the proposed class contains at least 100 members; and (4) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### A.     The Proposed Class Exceeds 100 Class Members

14.     The putative class consists of at least 100 members.  The Complaint itself states: "The exact number of members of the Classes, as herein identified and described, is not known, but it is estimated to be at least one hundred in each Class."  Compl. ¶ 38.  Accordingly, based on Plaintiffs' allegations alone, this case meets the requirement under CAFA that the purported class consist of more than 100 members.

15.     In addition to the allegations in the Complaint, State Farm has identified more than 41,000 claims that may fall within Plaintiffs' class definitions.  Exhibit B, Mondragon Decl. ¶ 2.

### B.     Minimum Diversity of Citizenship Exists Under 28 U.S.C. § 1332(d)(2)(A)

16.     The minimum diversity of citizenship criteria under CAFA requires that any member of the putative class must be a citizen of a state different from that of any defendant.  28 U.S.C. § 1332(d)(2)(A).

17.     This case satisfies the CAFA minimal diversity requirement that "any member" of the plaintiff class be a citizen of a state different from "any defendant."  Plaintiffs allege that they are citizens of South Carolina and seek to represent putative classes consisting of "South Carolina resident[s]."  *See* Compl. ¶¶ 9, 10, 36.  State Farm Auto and State Farm Fire are citizens of Illinois because they are incorporated in Illinois and have their principal places of business in Illinois.  *See* Exhibit C, Roper Decl. ¶ 3.

18.     This diversity between the named parties satisfies the minimal diversity of citizenship requirement under CAFA.  *See* 28 U.S.C. § 1332(d)(2)(A).

C.     **The Amount in Controversy Exceeds $5,000,000[1]**

19.     Based upon the Plaintiffs' allegations and theories, the amount in controversy exceeds $5,000,000 in the aggregate for the entire putative class, exclusive of interest and costs.

20.     A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Scott v. Cricket Commc'ns, L.L.C.*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89. Indeed, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed . . . $5,000,000,' the court should err in favor of exercising jurisdiction over the case." *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 625-626 (D.S.C. 2006). "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Scott*, 865 F.3d at 196 (4th Cir. 2017) (internal quotations omitted). Further, to satisfy jurisdictional requirements, "[d]efendants may introduce their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Kemper v. Quicken Loans, Inc.*, No. 5:13-CV-91, 2013 U.S. Dist. LEXIS 142682, at *12 (N.D.W. Va. Oct. 2, 2013) (internal citations omitted).

---

[1] Though State Farm disputes that Plaintiffs are entitled to bring this action, denies liability, and contends that Plaintiffs can recover nothing under the claims alleged in the Complaint, for purposes of removal only, Plaintiffs' allegations and the relief sought by Plaintiffs are to be considered in determining the value of the claims as pled and the amount in the controversy without State Farm "conced[ing] liability." *Scott*, 865 F.3d at 197 (internal citations omitted).

6

21.     Plaintiffs allege compensatory damages in the "amounts improperly deducted by [State Farm] from the insureds' payments on the basis of a Typical Negotiation Adjustment" (Compl. ¶¶ 47, 52), which Plaintiffs contend is "approximately 6%" of the actual cash value of vehicles deemed a total loss. *Id*. at ¶¶ 24, 27.

22.     Plaintiffs allege that their claims "are typical of the claims of the proposed Classes" *Id*. ¶ 40. Thus, under the theory articulated in the Complaint, Plaintiffs' alleged damages are at least the sum of Negotiation Adjustments owed to all members of the putative class between October 15, 2018 through the present.[2]

23.     During the period of October 15, 2018 through the present, State Farm insureds in South Carolina have filed more than 41,000 automobile claims which were deemed a total loss and were valued using Audatex. Ex. B at ¶ 2.

24.     Moreover, Plaintiffs allege that Plaintiff Wiggins' and Plaintiff Cobbs' Negotiation Adjustments were $848 and $749 respectively, representing an average adjustment of $798.50 for the named Plaintiffs. *Id*. ¶¶ 33-35.

25.     Assuming, as Plaintiffs allege, that their claims are typical of the putative class, the amount of actual damages in controversy would equal $33,516,239, representing the average

---

[2] The class definition is keyed to a breach of contract claim resulting from State Farm's allegedly improper use of "Typical Negotiation Adjustments" in actual cash value calculations of total loss vehicles. Compl. ¶¶ 45-46, 50-51. Thus, the limitations period for Plaintiffs' claims is three years. *Lowcountry Block LLC v. Cincinnati Ins. Cos*., No. 9:17-1147-RMG, 2017 U.S. Dist. LEXIS 89709, at *5 n.1 (D.S.C. June 12, 2017) (claims for breach of insurance policy subject to three-year limitations period) (citing, S.C. Code Ann. § 15-3-530(1); (8)). Because putative class members' claims would have necessarily accrued by the time the Complaint was filed, for purposes of this Notice of Removal, State Farm assumes that the putative class period starts on October 15, 2018, the date Plaintiffs filed their Complaint. Ex. A.

Negotiation Adjustment ($798.50) times the number of potential class members thus far (41,000). Compl. ¶¶ 33-35; Ex. B at ¶ 2.[3]

26. Plaintiffs also ask the Court to enter a declaratory judgment that State Farm breached their insurance contracts with Plaintiffs by basing the valuation and payment of claims on values of comparable vehicles that have been reduced by Negotiation Adjustments. Compl. ¶ 64, WHEREFORE clause. Plaintiffs further request that the Court enter enjoin State Farm from basing the valuation and payment of claims on values that have been reduced by Negotiation Adjustments. *Id*.

27. For purposes of CAFA jurisdiction, the value of declaratory relief is measured by "the value of the object of the litigation." *Progressive W. Ins. Co. v. Morrissey*, No. 2:21-1257, 2021 U.S. Dist. LEXIS 141943, at *4 (D.S.C. July 29, 2021) (internal citations omitted). This can be measured by the higher of "the injunction's worth to the plaintiff or its cost to the defendant." *Stephens v. Hsbc Mortg. Servs.*, No. 3:12-2312, 2012 U.S. Dist. LEXIS 204913, at *7 (D.S.C. Oct. 9, 2012) (quoting JTH Tax, Inc, v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010)); *see also Cole v. Long John Silver's Rests.*, Inc., 388 F. Supp. 2d 644, 651-52 (D.S.C. 2005) (observing that when calculating the amount in controversy, the "financial impact" on defendant is what "must be measured.").

28. Plaintiffs seek to hold State Farm responsible for failing to pay the full value of total loss claims to more than 41,000 putative class members. *See* Compl. ¶¶ 57, 63 (Plaintiffs and the proposed Class Members damages "include the amounts illegally deducted by State Farm from the insured's payments"). Thus, if Plaintiffs are successful on Counts III and IV, the cost to State

---

[3] It bears noting that the amount of damages alleged by Plaintiffs will likely grow throughout the course of this litigation. *See* Compl. ¶ 36 (alleging class definitions covering claims "from the earliest allowable time through the date of resolution of this action").

8

Farm would be substantial, and certainly in excess of the $5,000,000 CAFA threshold. Because the alleged cost of declaratory relief standing alone satisfies the CAFA amount in controversy, the possibility of any additional relief swells the amount in controversy and further demonstrates that the CAFA amount in controversy is met.

29.     Given all of these considerations, the allegations in the Complaint and all the exhibits thereto clearly establish that the amount in controversy exceeds $5,000,000 as required by CAFA.

### D.     The CAFA Exceptions to Federal Jurisdiction Do Not Apply to This Action.

30.     None of the applicable exceptions to CAFA apply here. *See* 28 U.S.C. §§ 1332(d)(3-4). Additionally, the burden to prove the applicability of an exception to jurisdiction under CAFA resets with the party opposing removal. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) (finding that once a defendant establishes removal is proper, "the burden is on a plaintiff to find an express exception."). Accordingly, it is not State Farm's burden to demonstrate that any exception to CAFA does not apply.

31.     Because CAFA confers federal subject matter jurisdiction over this action and no exception to that jurisdiction is applicable here, this action should remain in federal court.

### COMPLIANCE WITH 28 U.S.C. § 1446 AND LOCAL RULES

32.     Consistent with 28 U.S.C. § 1446, State Farm is providing this Notice, which provides the requisite "short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a).

33.     A true and correct copy of all process, pleadings, and orders in the state court action served upon State Farm are attached to this Notice of Removal. 28 U.S.C. § 1446(a). These documents are as follows:

Exhibit A:  Proof of Service, Summons, and Complaint

34. Counsel for Plaintiffs will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Court of Common Pleas Tenth Judicial Circuit in and for Oconee County.  28 U.S.C. § 1446(d).

35. Pursuant to L.R. 26.01, answers to the L.R. 26.01 Interrogatories are filed herewith.

36. Pursuant to L.R. 83.IV.02, this Notice of Removal contains a statement of the date of the commencement of the action.

37. State Farm has complied with all applicable local rules for the District of South Carolina regarding this Notice of Removal.

38. The undersigned states that this removal is well-grounded in fact, warranted by existing law, and not interposed for any improper purposes.

## **CONCLUSION**

39. In conclusion, removal is appropriate under CAFA because: (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different from State Farm; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) the procedural requirements for removal under 28 U.S.C. § 1446 have been met.  For these reasons, the Court should assume full jurisdiction over this action.

DATE: November 19, 2021

Respectfully submitted,

*/s/ Joshua T. Thompson*
Joshua T. Thompson
Perry D. Boulier
BOULIER THOMPSON & BARNES, LLC
101 W. St. John St., Suite 300
Spartanburg, South Carolina 29306
Tel.: 864-606-9610


Daniel F. Diffley (*pro hac vice application forthcoming*)
Blake Simon (*pro hac vice application forthcoming*)
Melissa G. Quintana (*pro hac vice application forthcoming*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel.: 404-881-7000
Fax: 404-881-7777

***Attorneys for Defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company***