IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kristopher Wiggins and Billy Paul Cobb, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, <br><br> Defendants. | C/A No. 8:21-cv-03803-DCC <br><br><br><br><br><br> **OPINION AND ORDER** |

This matter is before the Court on Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Motion to Dismiss, or in the Alternative, Compel Appraisal and Stay. ECF No. 20. Plaintiffs filed a Response in Opposition, and Defendants filed a Reply. ECF Nos. 28, 30. The Court held a hearing on the Motion on June 16, 2022. ECF No. 40. For the reasons set forth below, the Motion is denied in part and granted in part.

## **BACKGROUND**

This case arises from an automobile insurance dispute in which Plaintiffs owned vehicles that were deemed a total loss by Defendants. *See* ECF No. 1-1 at 9. Defendants elected to pay Plaintiffs the actual cash value of their insured vehicles pursuant to their insurance policies. *Id.* at 10. Plaintiffs allege in the Complaint that Defendants employed a total loss settlement process, which involved obtaining a market-driven valuation report

from Audatex.[1]  *Id.*  To arrive at the valuation of the insured vehicles, the report provided the prices of four different comparable vehicles advertised for sale online and applied a "Typical Negotiation Adjustment" of approximately 6% to each one.  *Id.*  Using this method, Defendants valued Plaintiff Wiggins' total loss claim at $12,524.00 and Plaintiff Cobb's total loss claim at $12,194.00 and paid Plaintiffs those amounts as the actual cash values of their totaled vehicles.  *Id.* at 11.  Plaintiffs claim that Defendants' use of the "Typical Negotiation Adjustment" to adjust their total loss claims downward violates the applicable insurance policies, is factually erroneous, and was applied solely to pay Plaintiffs less than the actual cash value of their total loss vehicles to which they were entitled by contract.  *Id.*  As a result, Plaintiffs claim that without this erroneous adjustment, the actual cash value of their vehicles would have been $848 and $749 higher, respectively.  *Id.* at 13 & n.3–4.

On October 15, 2021, Plaintiffs filed a class action lawsuit against Defendants in the Oconee County Court of Common Pleas, alleging claims for breach of contract and for a declaratory judgment.  *Id.* at 16–21.  Defendants removed the action to this Court on November 19, 2021.  ECF No. 1.  Defendants sent a written request for appraisal of Plaintiffs' covered vehicles pursuant to their policies on December 21, 2021.  ECF No. 20-4 at 1, 5–6.  By letter dated the same day, Plaintiffs refused to participate in the appraisal process.  *Id.* at 8.  Thereafter, Defendants filed a Motion to Dismiss, or in the Alternative, Compel Appraisal and Stay.  ECF No. 20.  Plaintiffs filed a Response in

---

[1] Defendants explain that the market value of Plaintiffs' vehicles were estimated using a valuation tool prepared by Audatex North America, Inc.  ECF No. 1 at 2.

Opposition, and Defendants filed a Reply.  ECF Nos. 28, 30.  The Court held a hearing on the Motion on June 16, 2022.  ECF No. 40.   The Motion is now before the Court.

## APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . .  Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted).  In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint has "facial

plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint, alleging that Plaintiffs have failed to comply with the appraisal provisions of their insurance policies and are precluded from filing suit until there has been full compliance with all the provisions of the policies.[2] ECF No. 20-1 at 2. Both of Plaintiffs' policies issued by Defendants contain the following appraisal provision:

> We have the right to choose to settle with *you* or the owner of the *covered vehicle* in one of the following ways:
>
> . . .
>
> b. Pay the actual cash value of the *covered vehicle* minus any applicable deductible.
>
>> (1) The owner of the *covered vehicle* and *we* must agree upon the actual cash value of the *covered vehicle*. If there is disagreement as to the actual cash value of the *covered vehicle*, then the disagreement will be resolved by appraisal upon written request of the owner or *us*, using the following procedures:
>>
>>> (a) The owner and *we* will each select a competent appraiser.
>>>
>>> (b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or *we* may

---

[2] Defendants' Motion also argues that Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 20-1 at 13,16–21. Because the Court grants Defendants' Motion to Compel Appraisal and Stay, the Court declines to address Defendants' substantive Rule 12(b)(6) arguments at this time but will permit Defendants to refile their Motion within 30 days after completion of the appraisal process.

4

> petition a court that has jurisdiction to select the third appraiser.
>
> (c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.
>
> (d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.
>
> (e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.
>
> (f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

ECF Nos. 20-2 at 13–14; 20-3 at 13–14 (emphasis in original). The policies also provide that "[l]egal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy." *Id.* at 17 (emphasis in original). Consequently, Defendants assert that because they requested appraisal, Plaintiffs are required to participate in that process before proceeding with this lawsuit. ECF No. 20-1 at 9. Thus, Defendants ask this Court to dismiss the case, or alternatively, compel appraisal and stay the action pending resolution of the appraisal process. *Id.* at 22.

In contrast, Plaintiffs argue that the appraisal provisions of the policies are unenforceable pursuant to S.C. Code Ann. § 15-28-10(b)(4).[3] ECF No. 28 at 14. The statute "prohibits enforcement of arbitration clauses in insurance policies in South Carolina." *Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 582 (D.S.C. 2003). Plaintiffs rely on *Hibbard v. Foremost Insurance Company*, C.A. No. 3:05-cv-1971-JFA, 2006 WL 8444786, at *2 (D.S.C. Aug. 2, 2006), which held that an appraisal provision in a mobile home insurance policy was unenforceable under the statute because the appraisal in that case "would likely have [had] the same effect as arbitration, and [the] defendant's own statements plac[ed] the appraisal provision squarely within the ambit of arbitration law." *Id.* at *2; ECF No. 28 at 14–16. In *Hibbard*, the court emphasized that defense counsel had admitted that the appraisal would be binding and that the amount of the loss was the only real issue at stake in the case. *Id.* Plaintiffs contend that the same circumstances exist in this case, and as a result, argue that this Court should

---

[3] S.C. Code Ann. § 15-28-10(b)(4) provides in relevant part:

> (a) A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . .
>
> (b) This chapter however shall not apply to:
>
> . . .
>
> > (4) Any claim arising out of personal injury, based on contract or tort, or to any insured or beneficiary under any insurance policy or annuity contract.

6

likewise deny Defendants' request to dismiss the case or to compel appraisal.  ECF No. 28 at 15.

Having reviewed the arguments and submissions of the parties, the Court finds that the insurance policies require Plaintiffs to participate in appraisal.  At the outset, the appraisal provision contained in the insurance policies is applicable to this case because the parties' dispute stems from their disagreement as to the actual cash value amounts to which Plaintiffs are entitled for their totaled vehicles.  *See Auto-Owners Ins. Co. v. Rhodes*, 748 S.E.2d 781, 788–89 (S.C. 2013) ("Courts must enforce, not write, contracts of insurance, and their language must be given its plain, ordinary and popular meaning.").  The question then becomes whether the appraisal provision is enforceable in this case despite the insurance exception to South Carolina's Uniform Arbitration Act provided in S.C. Code Ann. § 15-48-10(b)(4).  The statute "prohibits enforcement of arbitration clauses in insurance policies in South Carolina."  *Heyward*, 272 F. Supp. 2d at 582.

Here, the appraisal provision in the insurance policies applies only to disputes regarding the actual cash value of a covered vehicle.  It does not appear from the plain language of the policies to pertain to disputes arising from any other claim payment method nor to issues regarding coverage.  Thus, the appraisal provision at issue in this case is not an agreement for arbitration, and consequently, its application is not barred by the statute.  *See Childs v. Allstate Ins. Co.*, 117 S.E.2d 867, 870 (S.C. 1961) ("An agreement for arbitration ordinarily encompasses the disposition of the entire controversy between the parties, upon which judgment may be entered after judicial confirmation of the arbitration award . . . while the agreement for appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other

issues being reserved for determination in a plenary action." (quoting *In the Matter of Delmar Box Co. Inc.*, 127 N.E.2d 808, 810–11 (N.Y. 1955))).

Moreover, the Court finds *Hibbard* distinguishable from this case for several reasons. First, the language of the appraisal provision at issue in *Hibbard* differs significantly from the provision in this case. Second, defense counsel's arguments in *Hibbard* "plac[ed] the appraisal provision squarely within the ambit of arbitration law," which is not the case here. Finally, the issue in *Hibbard* was the sufficiency of the tendered payments and the manner in which the insurance companies handled the claims. Here, while the parties dispute the actual cash value amounts to which Plaintiffs are entitled for their totaled vehicles, the issue alleged in the Complaint concerns Defendants' use of the "Typical Negotiation Adjustment" to decrease Plaintiffs' payments and whether their use of the adjustment constituted a breach of contract under the insurance policies. Consequently, although the actual cash values determined through appraisal may ultimately be binding on the parties, appraisal in this case would not have the same binding effect as arbitration because the issue regarding Defendants' application of the adjustment will remain even after the appraisal process concludes.

Courts in this district have previously found appraisal provisions in insurance policies, similar to the ones in this case, to be valid and enforceable and have stayed the litigation pending resolution of the appraisal process. *See P&D Dev. Corp. v. Certain Interested Underwriters at London*, C.A. No. 4:21-cv-01184-JD, 2021 WL 7501839, at *3 (D.S.C. Dec. 22, 2021) ("Appraisal provisions, therefore, are valid and enforceable in South Carolina, and valid grounds upon which to stay or dismiss litigation."); *Vagish, LLC v. Seneca Specialty Ins. Co.*, C.A. No. 3:13-cv-03161-TLW, 2014 WL 12638788, at *2

(D.S.C. July 25, 2014) ("[W]hen there has been a timely appraisal demand, the case should at least be stayed pending an appraisal of the amount of loss."). Indeed, the Supreme Court of South Carolina has previously held that "[s]uch a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid." *Harwell v. Home Mut. Fire Ins. Co.*, 91 S.E.2d 273, 275 (S.C. 1956); *see also Miller v. British Am. Assur. Co.*, 119 S.E.2d 527, 530–31 (S.C. 1961) ("The overwhelming weight of authority sustains the validity of a stipulation in an insurance policy requiring that any difference of opinion, as to the amount of loss, shall be submitted to appraisers to be chosen in accordance with the policy provisions." (quoting *Harwell*, 91 S.E.2d at 598–99)). In addition, the United States District Court for the Western District of Tennessee has also found this exact appraisal provision to be enforceable. *See Clippinger v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 4887984, at *5 (W.D. Tenn. Oct. 19, 2021). Thus, for the reasons previously stated, the Court finds the appraisal provision is applicable and enforceable in this case, and Plaintiffs must participate in the appraisal process.

However, the Court declines to dismiss the case due to Plaintiffs' previous refusal to participate in the appraisal process. As the *Clippinger* court noted, "nothing in the appraisal provision's language makes appraisal a condition precedent to suit." 2021 WL 4887984, at *12. Rather, the provision requires appraisal when the parties disagree about the loss vehicle's actual cash value and a party requests appraisal in writing. *Id.* Here, it is undisputed that the parties disagree about the loss vehicles' actual cash values and that Defendants requested appraisal in writing after Plaintiffs filed suit. Thus, dismissal

is not warranted on this basis; instead, the Court concludes that a stay is appropriate pending the appraisal.  *See Vagish*, 2014 WL 12638788, at *3 ("While not a condition precedent to filing suit in this case, the appraisal condition is still a mandatory provision once it is invoked by one of the parties.").  Accordingly, the Court grants Defendants' Motion to Compel Appraisal and Stay.  Because appraisal will help to clarify the issues in this case, the Court need not reach the merits of Defendants' Rule 12(b)(6) Motion to Dismiss at this procedural posture.  Therefore, the Court denies Defendants' Rule 12(b)(6) Motion to Dismiss with leave to refile within 30 days after the appraisal process has been completed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, or in the Alternative, Compel Appraisal and Stay [20] is **DENIED IN PART AND GRANTED IN PART**.  Specifically, the Motion to Dismiss is **DENIED** with leave to refile within 30 days after completion of the appraisal process, and the Motion to Compel Appraisal and Stay is **GRANTED**.  The case is hereby **STAYED** for a period of 90 days from the date of this Order.  The parties are directed to file a joint status report once the appraisal process has been completed.  Any motion for an extension of the stay must describe the steps that the parties have taken to complete the appraisal process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 23, 2022
Spartanburg, South Carolina