**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| KRISTOPHER WIGGINS and BILLY PAUL COBB, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendants. | Case No. 8:21-cv-03803-DCC |

**STATE FARM'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS**

The Complaint alleges that State Farm underpaid Plaintiffs' actual cash value amounts on their total loss claims. After appraisers determined the actual cash value of Plaintiffs' totaled vehicles was higher than State Farm's initial payments, State Farm paid each named Plaintiff the difference between the "binding" appraisal awards and the total loss payments initially paid to Plaintiffs. Because this case is nothing more than a disagreement with State Farm's determination of actual cash value, and Plaintiffs have now been paid the actual cash value of their vehicles, the issues concerning Plaintiffs' total loss claims are moot, and Plaintiffs cannot plausibly allege breach or damages. Plaintiffs' response to this renewed motion—filled with new allegations that State Farm breached the implied covenant of good faith and fair dealing and forced Plaintiffs to incur costs that they agreed to pay under their insurance policies—does not change that fact. The Court should conserve judicial resources and dismiss the Complaint with prejudice.

1

**ARGUMENT**

**A.  The Court Lacks Subject Matter Jurisdiction Over This Action.**

Plaintiffs' attempt to avoid dismissal under Rule 12(b)(1) wrongly assumes the Court must "engage in a substantive analysis of Plaintiffs' claims" on the merits to determine whether the Court has subject matter jurisdiction over this action.  Opp. at 11.  The analysis is more straightforward.  The Court must determine if interim relief or events have made it impossible to grant any effectual relief to Plaintiffs on the allegations contained in the Complaint.  Mot. at 9.

Plaintiffs do not dispute the gravamen of their Complaint is they were injured "because they were not paid the actual cash value" of their total loss vehicles as required under the Policies.  Compl. ¶ 33; Mot. at 10.  Plaintiffs allege as damages "the amounts improperly deducted" by State Farm from Plaintiffs' actual cash value payments.  Compl. ¶ 47.  Plaintiffs also do not dispute that the parties participated in appraisal, or that the appraisers issued "binding" actual cash value awards without negotiation reductions.  Opp. at 7–8.  And while Plaintiffs' primary allegation is that State Farm initially paid Plaintiffs amounts less than the actual cash value of their vehicles, they do not dispute that State Farm then tendered the difference between its initial valuations and the awards issued by the appraisers.  *Id*; Compl. ¶ 33; ECF Nos. 20-2 & 20-3 at p. 13.  Because those amounts are "binding" under the Policy, Plaintiffs have now been paid the actual cash value of their vehicles.  As explained in State Farm's moving brief, Plaintiffs are not "injured" because they incurred appraisal and litigation costs that they agreed to pay under the contract.  Mot. at 16–17.[1]  There is no continuing case or controversy.  Opp. at 1, 12, 15, 21.

---

[1] It is well-settled that litigation costs are insufficient to establish injury.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself.").  And Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves" through their

Plaintiffs' reliance on cases involving complex federal tort, patent infringement, and ERISA claims is unavailing because those cases demanded a "substantive analysis" of legal and factual issues to determine whether the plaintiff was injured. Opp. at 11. *Kerns v. United States* does not apply here because the jurisdictional issue in that case was whether a government employee was "acting within the scope of her employment" and additional discovery could lead to facts sufficient to show that she was. 585 F.3d 187, 196 (4th Cir. 2009). And in *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, the court had to engage in statutory interpretation and make a detailed factual analysis to determine whether the defendant had committed acts of patent infringement. 174 F. Supp. 2d 388, 394 (D. Md. 2001); *see also Garnick v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:21CV454, 2022 WL 4368188, at *4 (M.D.N.C. Sept. 21, 2022) (denying dismissal because the court had to analyze several documents to determine whether plaintiffs "paid more by investing in the R5 share class over the R6 share class"); *Adams v. Bain*, 697 F.2d 1213, 1220 (4th Cir. 1982) (denying dismissal because there were "not sufficient facts developed at the [] hearing to resolve the jurisdictional issue[.]" ). Plaintiffs have not (and cannot) demonstrate that similar "procedural safeguards," such as discovery, (Opp. at 11) are necessary to resolve the simple issue in this case: whether Plaintiffs have been paid "actual cash value" under the Policy.

Additionally, Plaintiffs do not attempt to distinguish the cases in this Circuit, and elsewhere, ordering dismissal because the plaintiff's claims were mooted after the plaintiff received complete payment of the amounts allegedly owed. *See Wallace v. Crown Cork & Seal Pension Plan*, No. 4:05-673, 2007 WL 3176233, at *3 (D.S.C. Oct. 26, 2007); *Koger v. United States*, 755 F.2d 1094, 1096 (4th Cir. 1985); *Kane v. U-Haul Int'l Inc.,* 218 F. App'x 163, 168-69

---

continued pursuit of this lawsuit following appraisal. *Clapper v. Amnesty Intn'l USA*, 568 U.S. 398, 416 (2013).

3

(3d Cir. 2007).² Finally, Plaintiffs are precluded from serving as representatives for absent putative class members under Rule 23(a) because they cannot allege a cognizable injury or damages. *See Lienhart v. Dryvit Sys. Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (class representatives must "possess the same interest and suffer the same injury as the class members") (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)); *Doe v. Chao*, 306 F.3d 170, 183–84 (4th Cir. 2002); *Noel v. Hudd Distrib. Servs.*, 274 F.R.D. 187, 191-92 (D.S.C. 2011).³

### B. Plaintiffs Cannot Plausibly Allege Breach Because They Were Paid The Full Actual Cash Value Amounts Required Under The Policies.

Plaintiffs still fail to explain how State Farm allegedly breached the Policy by paying less than actual cash value. One week after State Farm filed its moving brief, another federal court issued a decision analyzing nearly identical allegations against State Farm based on the same policy language. *See Cudd v. State Farm Mut. Auto. Ins. Co.*, No. 4:21-CV-217, 2022 WL 16541166 (M.D. Ga. Oct. 28, 2022).⁴ The analysis in *Cudd* is instructive. In *Cudd*, the court held "[t]he intention of the parties is clear from the unambiguous language in the policy." *Id.* at *3. State Farm "owes [the insured] actual cash value for [the insured's] loss," and "the parties contractually agreed to a process for satisfying that obligation." *Id.* If State Farm and the insured cannot "initially reach an agreement" as to the actual cash value amounts owed under the Policy,

---

² *See also Nix v. Kinsale Ins. Co.*, 540 F. Supp. 3d 1089, 1093 (N.D. Fla. 2021) (dismissing breach of contract claim as moot because "Defendant timely paid Plaintiffs the appraisal award"); *Allen v. Amica Mut. Ins. Co.*, No. 1:12-CV-49, 2013 WL 11927705, at *6 (N.D. Ga. Feb. 28, 2013) ("[T]he appraisal award rendered Plaintiff's breach of contract claim moot.").

³ Plaintiffs cannot avoid dismissal by arguing the "picking off exceptions applied to class actions" allow Plaintiffs to continue to serve as class representatives. Opp. at 21. Plaintiffs do not explain what those exceptions are or cite any caselaw denying dismissal on that basis.

⁴ *Cudd* granted State Farm's motion to dismiss in its entirety because the plaintiff failed to satisfy a condition precedent to bringing suit when he refused to participate in the appraisal process. *Id.* at *4.

4

"either party [will] have the right to attempt to resolve the disagreement through the appraisal process." *Id*. The court explained that whether State Farm's use of the negotiation deduction is proper "is certainly within the realm of what a qualified appraiser would consider in determining the specific 'amount' of the actual cash value of [plaintiff's] vehicle under the policy." *Id*. at *4; Opp. at 15–16.

Here, as in *Cudd*, Plaintiffs allege that State Farm's initial application of a total negotiation adjustment breached its obligation to pay Plaintiffs actual cash value for their losses. *Cudd*, 2022 WL 16541166, at *1; Opp. at 15. "If the policy were silent as to how such disagreements shall be resolved," Plaintiffs "would have had every right to proceed with this action to let a jury decide whether State Farm breached the contract by not paying [them] actual cash value." *Cudd*, 2022 WL 16541166, at *3. But the "parties contractually agreed to a process for satisfying" State Farm's obligation to pay Plaintiffs the actual cash value of their vehicles, and State Farm followed that process. *Id*. Plaintiffs have no answer for *Rose Hill United Methodist Church v. Church Mutual Insurance Co*., No. 7:20-CV-00254, 2022 WL 2705242 (E.D.N.C. July 12, 2022) or *Fortson v. Garrison Property & Casualty Co*., No. 1:19-CV-294, 2022 WL 501324, at *1 (M.D.N.C. Jan. 21, 2022), which rejected similar breach of contract claims following the insurer's payment of an appraisal award to the insured. *See Rose Hill United Methodist Church*, 2022 WL 2705242, at *6 (plaintiff failed to state a breach of contract claim because "[c]onsistent with the Policy's provisions, the parties hired appraisers, [] the appraisers agreed to a binding award, [] and [the insurer] timely paid the remaining balance of the Policy's coverage limits."); *Fortson*, 2022 WL 501324, at *1 (because the "appraisal provision stated that it was binding," the insured had no

5

claim that the insurer "failed or refused to pay the actual cash value of [the plaintiff's] car.").[5] Contrary to Plaintiffs' contention, the courts in those cases did not base their decision on whether appraisal clauses in insurance contracts are the same as binding arbitrations. Opp. at 16–17.

Faced with this weight of authority and the plain Policy text, Plaintiffs' Opposition brief pivots to a new theory: State Farm breached the implied covenant of good faith and fair dealing. Opp. at 13. The Court should not address these new allegations because the "implied covenant claim is not mentioned in Plaintiff's [] Complaint." *Creamer v. Town of Williamston*, No. 8:12-CV-00501, 2012 WL 2891166, at *2 (D.S.C. July 16, 2012); *see Marks v. Dann*, 600 F. App'x 81, 89 (4th Cir. 2015) (finding the district court properly "refused to consider" "as part of its Rule 12(b)(6) analysis[,]" plaintiff's new allegations asserted for the first time in plaintiff's opposition to defendant's motion to dismiss, without "seek[ing] leave …. to amend his complaint").

In any event, Plaintiffs still fail to allege breach under this alternative theory because State Farm "has done what [the] provisions of the contract expressly gave [it] the right to do." *Adams v. G.J. Creel & Sons, Inc.*, 465 S.E.2d 84, 85 (S.C. 1995); *see Wiggins v. State Farm Mut. Auto. Ins. Co.,* No. 8:21-cv-03803, 2022 WL 2276556, at *4 (D.S.C. June 23, 2022) (finding "the appraisal provision is applicable and enforceable in this case, and Plaintiffs must participate in the appraisal process."); *Cudd*, 2022 WL 16541166, at *3 ("[Plaintiff] and State Farm agreed—before [Plaintiff] ever suffered any damage to his vehicle—that if he and State Farm could not initially

---

[5] *See also Mainali Corp. v. Covington Specialty Ins. Co.,* 872 F.3d 255, 258 (5th Cir. 2017); *Blakely v. USAA Cas. Ins. Co.,* 633 F.3d 944, 948 (10th Cir. 2011); *Thomas v. State Farm Fire & Cas. Co.,* 579 F. Supp. 3d 1215, 1219-20 (W.D. Wash. 2022); *Bonbeck Parker, LLC v. Travelers Indem. Co. of Am.,* No. 1:14-cv-02059, 2020 WL 533733, at *5–6 (D. Colo. Feb. 3, 2020); *Fuchs v. State Farm Gen. Ins. Co.,* No. CV 16-01844, 2017 WL 3579431, at *4 (C.D. Cal. July 3, 2017); *Pinney v. Am. Fam. Mut. Ins. Co.,* No. C11-175, 2012 WL 584961, at *3 (W.D. Wash. Feb. 22, 2012).

reach an agreement as to the amount to which he was entitled under the policy should his vehicle be damaged, either party would have the right to attempt to resolve the disagreement through the appraisal process.").

### C. Plaintiffs Cannot Plausibly Allege Damages Because They Agreed To Incur Costs Under The Policy.

Because it is undisputed that Plaintiffs were issued checks in the amount of the difference between the appraisal awards and State Farm's total loss settlements, Plaintiffs now seek the costs of appraisal, the costs of litigation, and attorney's fees as consequential damages. Opp. at 1, 7, 20. It is well settled under South Carolina law that consequential damages must "have been within the contemplation of the parties at the time the contract was made." *First Am. Title Ins. Co. v. Columbia Harbison LLC*, No. 3:12-cv-00800, 2013 WL 1501702, at *10 (D.S.C. Apr. 11, 2013) (quoting *Stern & Stern Assocs. v. Timmons*, 423 S.E.2d 124, 126 (S.C. 1992)).

Here, State Farm and its insureds contemplated that "[e]ach party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party," and "[b]oth parties will share equally the cost of the third appraiser." ECF Nos. 20-2 & 20-3, at 13. Plaintiffs do not (and cannot) allege that they have been damaged by paying costs they agreed to pay under the Policy. Mot. at 16; *Minn. Lawyers Mut. Ins. Co. v. Batzli*, 442 F. App'x 40, 49 (4th Cir. 2011) (holding a contractually-agreed upon fee for services plaintiff paid was "merely the agreed-upon cost of the service. . . and not the damage or injury arising from the breach of contract.") (citing *Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 264 Va. 310, 568 S.E.2d 693, 695 (Va. 2002)); *Hudson Constr. Co. v. Martin Marietta Materials, Inc.*, No. 2:18-cv-642, 2021 WL 1152986, at *5 (D.S.C. Mar. 26, 2021) ("even if [plaintiff] had been entitled to recover damages, such damages would be limited pursuant to the express and unambiguous terms of the [contract]. . . . as agreed to by the parties in the governing contracts."). Plaintiffs also fail

7

articulate any textual or legal basis for ignoring the American Rule and claiming their entitlement to recover attorney's fees and litigation costs.[6]  Mot. at 17.

Plaintiffs' conclusory assertions that they are entitled to pre-judgment interest are equally unavailing.  Opp. at 14.  Prejudgment interest is not recoverable on an unliquidated claim, and Plaintiffs continue to ignore the plain text of the Policy, which provides State Farm has "no duty to pay interest that accrues after [State Farm] . . . pay[s] . . . the amount due under this policy's Liability Coverage."  ECF Nos. 20-2 & 20-3 at p. 17.

### D. Plaintiffs Cite No Useful Purpose For Their Duplicative Declaratory Judgment Claims.

Plaintiffs' discussion of their declaratory judgment claims (Opp. at 24–26) fails to show why those claims are nothing more than re-framed breach of contract claims.  Plaintiffs' claims for "equitable relief simply seek[] a confirmation that State Farm's method for calculating ACV using a negotiation deduction is contrary to the parties' contract.  The essence of [their] claims and prayers for relief is State Farm's alleged miscalculation of the 'amount' of the actual cash value of his vehicle under the terms of [their] insurance policy."  *Cudd*, 2022 WL 16541166, at *4.  And Plaintiffs' dispute with State Farm is not "ongoing" because they have been paid the actual cash value of their total loss vehicles and their claims are moot.  Opp. at 26.[7]  *See also* Mot. at 17–19.

---

[6] After Plaintiffs brought this lawsuit, State Farm attempted to resolve Plaintiffs' claims in an expeditious and less costly manner by requesting appraisal.  Opp. at 7–8.  Plaintiffs' litigation costs were inflicted by their decision not to comply with the Policy's appraisal provision.

[7] State Farm cited multiple cases standing for the proposition that courts in this district dismiss duplicative declaratory judgment claims like Plaintiffs.  Plaintiffs' lone authority does not even mention declaratory judgment claims.  Opp. at 26 (citing *Fludd v. S. State Bank,* 566 F. Supp. 3d 471, 489-90 (D.S.C. 2021)).

## **CONCLUSION**

For all of the foregoing reasons, and those set forth in State Farm's opening brief the Court should grant this Renewed Motion and dismiss Plaintiffs' Complaint with prejudice.

DATE: November 11, 2022

        Respectfully submitted,

        *s/Joshua T. Thompson*
        Joshua T. Thompson
        Perry D. Boulier
        BOULIER THOMPSON & BARNES, LLC
        101 W. St. John St., Suite 300
        Spartanburg, South Carolina 29306
        Tel.: 864-606-9610

        Daniel F. Diffley (admitted *pro hac vice*)
        Blake Simon (admitted *pro hac vice*)
        Melissa G. Quintana (*admitted pro hac vice*)
        ALSTON & BIRD LLP
        1201 W. Peachtree Street
        Atlanta, Georgia 30309
        Tel.: 404-881-7000
        Fax: 404-881-7777

        ***Attorneys for Defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company***